BEN J. HIMMELSTEIN (AZ 023267)
SUSAN LARSEN (AZ 024179)
WONG FUJII CARTER, PC
Phoenix Corporate Center
3003 N. Central Avenue
Suite 1000
Phoenix, AZ 85012
T: (602) 287-3360
F: (602) 287-3365
SLarsen@WongFujiiCarter.com

GEORGE A. GAITAS (*pro hac vice application forthcoming*)
Federal Bar No. 705176
CHALOS & CO, P.C.
7210 Tickner Street
Houston, TX 77055
T: (713) 936-2427
F: (866) 702-4577
Email: gaitas@chaloslaw.com

Attorneys for Plaintiff
IRON PASHA INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| IRON PASHA INC. | CASE NO.: |
| Plaintiff, | |
| vs. | (**ADMIRALTY**) |
| SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO. LTD; HONG KONG CHAIN GLORY SHIPPING CO., LTD; GRAND CHINA LOGISTICS HOLDINGS (GROUP) COMPANY LIMITED; GRAND CHINA SHIPPING (YANTAI) CO., LTD; HNA GROUP CO. LTD., | **VERIFIED COMPLAINT** |
| Defendants. | |

### ORIGINAL VERIFIED COMPLAINT

Plaintiff, IRON PASHA, INC by undersigned counsel, for its Original Verified Complaint against Defendants: SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO. LTD; HONG

KONG CHAIN GLORY SHIPPING CO., LTD; GRAND CHINA LOGISTICS HOLDINGS (GROUP) COMPANY LIMITED; GRAND CHINA SHIPPING (YANTAI) CO. LTD; HNA GROUP CO. LTD., alleges and pleads as follows:

## I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract *i.e.* an executed bareboat charter party for the employment of a seagoing cargo vessel. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 4, 8 in aid of maritime arbitration.

2. At all times material hereto Plaintiff, IRON PASHA INC., is a corporation organized under the laws of the Marshall Islands and the registered owner of the MV GCL ARGENTINA, a motor bulk carrier vessel registered at the Republic of the Marshall Islands with IMO number 9469924 and international call sign V7UZ7.

3. At all times Material hereto Defendant SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO. LTD. (hereinafter "DEVELOPMENT") was and is a foreign company organized under the laws of the Peoples Republic of China and the bareboat charterer of the GCL ARGENTINA under a bareboat charter party contract dated April 12, 2010 (" the bareboat charter"). *A copy of the bareboat charter is attached hereto as **EXHIBIT 1**.*

4. At all times Material hereto Defendant HONG KONG CHAIN GLORY SHIPPING CO., LTD. (hereinafter "CHAIN GLORY") is a corporate entity organized under the laws of a country other than the United States, and the co-charterer of the GCL ARGENTINA under the same bareboat charter and a "nominee charterer" on behalf of defendant DEVELOPMENT under clause 4 of the bareboat charter. *See EXHIBIT 1*.

5**.** At all times Material hereto Defendant GRAND CHINA LOGISTICS HOLDINGS

(GROUP) COMPANY LIMITED, (hereinafter "GRAND CHINA LOGISTICS") is a foreign company organized under the laws of the Peoples Republic of China and the guarantor of the performance of DEVELOPMENT and CHAIN GLORY under the bareboat charter (*EXHIBIT 1* at clause 4) and also a joint and several principal obligor under same pursuant to a written performance guarantee dated April 21, 2010.  *A copy of the performance guarantee is attached hereto as* **EXHIBIT 2**.

6. At all times material hereto Defendant GRAND CHINA SHIPPING (YANTAI) CO., LTD, (hereinafter "GRAND CHINA SHIPPING") is a corporate entity organized under the laws of the Peoples Republic of China engaging in marine transportation business and has registered as a vessel operating carrier with the U.S. Federal Maritime Commission ("FMC") and has filed tariffs, as required by law. *An extract of the online record of the FMC showing GRAND CHINA SHIPPING'S registration is attached hereto as* **EXHIBIT 3**.  *Copies of tariffs filed by said defendant are attached hereto as* **EXHIBIT 4.**

7**.** At all times material hereto Defendant HNA GROUP CO. LTD (hereinafter "HNA") is a corporate entity organized under the laws of the Peoples Republic of China and the parent company of Defendants: GRAND CHINA LOGISTICS; DEVELOPMENT; CHAIN GLORY; and GRAND CHINA SHIPPING.  *See documents attached hereto as* **EXHIBIT 5**.

8. The jurisdiction of this Honorable Court is founded on the presence within the District of property of the Defendants that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as pled in Section V of this Verified Complaint.

## II. THE SUBSTANTIVE CLAIMS

9. Under a bareboat charter party dated April 12, 2010, Plaintiff chartered its vessel GCL ARGENTINA for a term of five (5) years to DEVELOPMENT, its nominee, CHAIN GLORY, and to their respective performance guarantor GRAND CHINA LOGISTICS, who is also a joint and several

obligor under a performance guarantee dated April 21, 2011.

10. Plaintiff agreed to name the vessel <u>GCL</u> ARGENTINA to denote its status as tonnage of GRAND CHINA LOGISTICS (*emphasis added*).

11. Plaintiff duly delivered the vessel into her service under the bareboat charter party, has duly rendered, and is continuing to render the contractual performance required of it.

12. However, Defendants DEVELOPMENT, CHAIN GLORY, and GRAND CHINA LOGISTICS (hereinafter collectively referred to as "Charterers") have entirely failed and refused to perform their obligations under the bareboat charter party contract and are in default and indebted to Plaintiff for the following liquidated sums which are due and owing:

<u>Bareboat Charter Hire Owed</u>[1]……………………………………….. *$ 1,485,000.00*

<u>Annual Tonnage Taxes</u> payable by Defendants………………………. *$ 18,710.00*

13. Plaintiff has duly demanded payment from the Defendants and, in the alternative has sought security from them, both of which Defendants have refused and resisted. In the process, Plaintiff has already incurred legal costs and expenses in the approximate amount of $100,000.

14. Defendants are in actual possession and control of the IRON PASHA, directing and controlling her trade and moves.

15. A further and additional bareboat charter hire installment of $297,000 will fall due and become payable on November 22, 2011.

16. In consequence of the foregoing, Defendants will owe Plaintiff, by the week of November 21, 2011 the sum of $ 1,900,710.

### III. UNDERLYING PROCEEDINGS ON THE MERITS

17. As provided under clause 30 of the bareboat charter party, Plaintiff has commenced maritime arbitration in London by nominating its arbitrator and giving due notice of the appointment

---

[1] Unpaid Hire, payable fifteen (15) days in advance, owed for the periods: Sept. 8 -23; Sept. 23-Oct 8; Oct. 8-Oct 23; Oct 23-Nov 7; Nov. 7-Nov 22 at the rate of $297,000 for each 15 day period.

to Defendants.  Plaintiff intends to claim in the arbitration the full outstanding amount, as noted in the foregoing, together with interest, costs, and legal fees which are recoverable under the rules governing maritime arbitration in London.  Plaintiff estimates the legal costs that will be incurred to pursue its claims in London maritime arbitration proceedings to be approximately $ 200,000.

## IV. **DEFENDANTS' CORPORATE IDENTITY**

18.　Notwithstanding their formal separate incorporation the Defendants are in actual fact a single business entity pursuing functionally differentiated business objectives through nominally separate business structures but always subject to the command and control of HNA.

19.　HNA's business comprehends the operation of seven (7) distinct business groups: Airlines; Airports; Finance; Logistics; Property; Retail; and Tourism.

20.　The Logistics business enterprises of HNA are under the command and control of Defendant Grand China Logistics (Group) Holding Co. Ltd. (*i.e.* GRAND CHINA LOGISTICS), which conducts its business through 26 separate companies it controls.

21.　A significant part of the logistics business of GRAND CHINA LOGISTICS is ocean transportation which includes : "container transportation," via its owned and related corporation, Grand China Shipping (Yantai) Co. Ltd (*i.e.* Defendant GRAND CHINA SHIPPING); and "dry bulk" cargo transportation via its related corporations Grand China Shipping Co. Ltd. and Grand China Shipping Development Co. Ltd (*i.e.* Defendant DEVELOPMENT).  *A diagram of the Logistics business structure and operations operated by GRAND CHINA LOGISTICS is attached hereto as **EXHIBIT 6***.

22.　Though Defendants comprise nominally separate corporate business / legal entities, their ownership and control is so intertwined and fused that they are distinct from one another only as a matter of formality, as specifically pled below.

23.　Thus, Defendant DEVELOPMENT is owned virtually in its entirety by Defendant GRAND CHINA LOGISTICS, which holds 97 percent of its authorized and issued capital shares with

the balance owned by related, and similarly named Grand China Logistics Co. Ltd., the said companies having also provided the initial capital and caused the incorporation of DEVELOPMENT. *See documents attached hereto as **EXHIBIT 7***.

24. Defendant CHAIN GLORY, as clearly stipulated in the bareboat charter party, is a mere nominee of DEVELOPMENT.

25. Defendant GRAND CHINA SHIPPING publicly represents and holds itself out as a branch of Defendant GRAND CHINA LOGISTICS and GRAND CHINA LOGISTICS, in turn, publicly represents that it owns GRAND CHINA SHIPPING. *A copy of such representations from the website of GRAND CHINA SHIPPING is attached hereto as **EXHIBIT 8***.

26. GRAND CHINA LOGISTICS is held out by Defendants as "one of the three pillar industries of the Hainan Airlines Group (HNA Group)."

27. GRAND CHINA SHIPPING represents publicly that it is owned and backed up by HNA Group.

28. Though Defendants represent themselves as parts of a multi-billion dollar conglomerate business enterprise, in actual fact some of them are marginally capitalized as is more specifically pled below.

29. All three obligors under the bareboat charter i.e. DEVELOPMENT; CHAIN GLORY; and GRAND CHINA LOGISTICS have been unable to pay the agreed daily charter hire of $ 19,800 for several weeks (actually 2 ½ months), currently owing Plaintiff $ 1,485,000 of bareboat charter hire.

30. Defendant GRAND CHINA LOGISTICS personnel have privately admitted to Plaintiff that "the company" is experiencing severe cash flow problems and rests its hopes for economic recovery on certain loans that might be extended by banks.

31. A close look at the company named in the bareboat charter party as charterer i.e. DEVELOPMENT, reveals a modest sized business with 27 employees which relies entirely on vessels

chartered-in from third parties in order to continue carrying on business. *See EXHIBIT 7*.

32. Similarly, group member GRAND CHINA SHIPPING which had operated a containerized liner service between ports of the United States and ports of China (the "SPX" SERVICE) has recently made a public announcement stating that the service is being discontinued. This is likely to result not only in the loss of revenue but may leave Defendants with an obligation to pay charter hire on at least three container-type vessels that are not due to be redelivered until the middle of 2012. *A copy of the announcement is attached hereto as* **EXHIBIT 9**.

33. Throughout the performance of the IRON PASHA charter party, but particularly since August 2011, it became increasingly evident to Plaintiff that DEVELOPMENT and CHAIN GLORY lack both economic independence and corporate autonomy and are unable to make their own financial decisions that affect their conduct of business. Instead, such decisions are being made for them by the holding companies that entirely dominate them, i.e. GRAND CHINA LOGISTICS and HNA. Thus, DEVELOPMENT and CHAIN GLORY are entirely dependent on GRAND CHINA LOGISTICS and HNA to allocate funds in order to meet their hire payment obligations to Plaintiff.

34. In the conduct of their ocean transport business with chartered-in, non-owned tonnage, Defendants GRAND CHINA LOGISTICS and HNA do not directly contract as charterers with the respective owners, but use other financially weak entities of the Group such as DEVELOPMENT and CHAIN GLORY, the performance of which they guarantee.

35. Although nominally independent of the dominant holding companies of the group, the subsidiary company activities are closely shadowed, supervised and controlled by individuals who are officers, directors, and employees of the dominant holding companies i.e. HNA and GRAND CHINA LOGISTICS.

36. Defendant companies share a common company logotype which prominently features the initials "HNA"; and in several instances e-mail addresses with the same domain name *i.e.* "hnair.com" and a common internet name server address i.e. "ns1.hnair.com" and "ns2.hnair.com". A

number of the Internet registrations for the Defendant companies were set up by the same individual and organization.   Thus, the domain names "HNAIR.COM" and "CHAINGLORY.COM" were set up by one Heming Huang who was in the employ of Hainan Airlines Company Limited at HNA Plaza No. 7, Guoxing Road, Haiku.  DEVELOPMENT, also, shares the same internet address (name server) as HNA and CHAIN GLORY.  *A copy of the Internet searches disclosing the search results is attached hereto as* **EXHIBIT 10.**

37.   At all times material hereto the structure of the Defendants and their affiliated companies was a complex intertwined web of parent and subsidiary companies over which HNA and GRAND CHINA LOGISTICS  exercised virtually absolute dominion and control and constituting the subsidiaries: DEVELOPMENT;  CHAIN GLORY; GRANG CHINA SHIPPING their alter *egos*.

38.   From discussions held on numerous occasions between representatives of  Owners and representatives of Charterers, over the course of  the performance of the bareboat charter party,  it has become evident to Owners that the Defendants, in actual practice pursued business as a single business entity, confusing and commingling assets, officers, directors, and finances, holding themselves out to the public to be a single business and a "Group," guaranteeing the obligations of each other, and in every respect acting as an integrated single business enterprise.

### V. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

39.   None of the Defendants are present or can be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of George A. Gaitas attached hereto as* **EXHIBIT 11**.  Notwithstanding, the Defendants have within the District tangible or intangible personal property in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment consisting of debts, credits, or effects including but not limited to accounts, checks, payments  held or which may be receivable by the said garnishees on behalf of the said Defendants.

40.   More particularly Defendants have appointed and maintained in the District steamship

agents Norton Lilly International Inc., of 2222 W. Dunlap Avenue, Suite 125, Phoenix, Arizona 85021; 2510 W. Dunlap Avenue, Suite 650, Phoenix, Arizona 85021-2737, to act as their freight collection agent for the containerized liner service of Defendant GRAND CHINA SHIPPING, and it is likely that the said steamship agent has in its possession and/or control tangible or intangible property of Defendants.

41. Defendants HNA, GRAND CHINA LOGISTICS, GRAND CHINA SHIPPING, DEVELOPMENT and HONG KONG CHAIN have used and are continuing to use their corporate separateness, and their purported separate incorporation abusively, to wit: to engage in fraudulent trading practices and avoid paying agreed and accrued hire for the IRON PASHA. Defendants have contracted obligations, intending to reap the benefits but pay none of the costs. Defendants are accordingly, using the corporate form abusively – *i.e.* to perpetrate fraud and commit other injustice. It would be, accordingly, fair and equitable to pierce or reversely pierce the corporate veil of HNA; GRAND CHINA LOGISTICS; GRAND CHINA SHIPPING; DEVELOPMENT; and HONG KONG CHAIN, in order to reach the economic value of assets said Defendants have compartmentalized in separate corporate pockets, to the detriment of Plaintiff.

42. Alternatively, Defendants having operated, at all relevant times, as a single enterprise, and being the *alter ego* of each other in the circumstances set in the above and foregoing Original Verified Complaint, it would be fair and equitable for any asset of this enterprise to be subject to the claims of judgment creditors of the enterprise, such as Plaintiff, and for any such assets to be attached as security for Plaintiffs' maritime claims.

43. Plaintiffs have maritime claims against the Defendants HNA; GRAND CHINA LOGISTICS; GRAND CHINA SHIPPING; DEVELOPMENT; and CHAIN GLORY, arising out of a maritime contract (*i.e.* – the bareboat charter party with IRON PASHA dated April 12, 2010).

44. The amount of Plaintiff's claim as reasonably as it can be estimated is as follows:

    A. Total Unpaid Bareboat Charter Hire (as calculated above)…….. $ 1,782,000.00

|   |   |   |
|---|---|---|
| B. Annual Tonnage Taxes………………………………….... | | $ 18,710.00 |
| C. Interest on unpaid sum for 1 year: | | |
| *calculated at 6% interest, compounded quarterly*.......................... | | $ 110,497.96 |
| D. Recoverable Legal Fees and Costs……………………………. | | $ 300,000.00 |
| **Total Claim……………………………………………………….** | | **$ 2,211,207.96** |

46. Therefore, Plaintiff's total claim for breach of the maritime contracts against Defendants is in the aggregate sum of **USD 2,211,207.96.**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Complaint;

B. That if Defendants cannot be found within this district, then all of their respective property within this district, including debts, credits, or effects including but not limited to accounts, checks, payments in the hands of persons named as garnishees in the Process of Maritime Attachment and garnishment be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That a judgment be entered against the Defendants in the sum of $ **2,211,207.96** and the proceeds of the assets attached be applied in satisfaction thereof;

D. That the Court grant such other and further relief as it deems, just, equitable and proper.

Dated: November 21, 2011  
       Phoenix, AZ

Respectfully submitted,

CHALOS & CO, P.C.

By: /s/George A. Gaitas  
George A. Gaitas  
(*pro hac vice application forthcoming*)  
Fed. Bar No. 705176  
7210 Tickner Street  
Houston, TX 77055  
T: (713) 936-2427  
F: (866) 702-4577  
Email: gaitas@chaloslaw.com

|   |   |
|---|---|
| 1 | |
| 2 | -And- |
| 3 | WONG FUJII CARTER, PC |
| 4 | /s/ Susan Larsen |
| 5 | Susan Larsen<br>AZ Bar No.: 024179 |
| 6 | Phoenix Corporate Center<br>3003 N. Central Avenue, Suite 1000 |
| 7 | Phoenix, AZ 85012<br>T: (602) 287-3360 |
| 8 | F: (602) 287-3365<br>Email: SLarsen@WongFujiiCarter.com |